UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JACK RICHARD KLEIN            :    Civ. No. 3:15CV01279(JCH)
                              :
v.                            :
                              :
JACK RICHARD KLEIN, ET AL.    :    September 3, 2015
                              :
------------------------------x
```

### RECOMMENDED RULING

This matter is before the Court on its initial review of plaintiff Jack Richard Klein's pro se complaint [Doc. #1], and motions to proceed in forma pauperis [Doc. ##2, 10].[1] Also pending before the Court are plaintiff's "Petition for decree to Commence Suit Under Seal EX Parte" (sic) (the "motion to seal") [Doc. #3] and motion for in camera hearing [Doc. #9]. For the reasons that follow, plaintiff's motions for leave to proceed in forma pauperis [**Doc. ##2, 10**] and motion to seal [**Doc. #3**] are **DENIED**, the motion for in camera hearing [**Doc. # 9**] is **DENIED as moot**, and the Complaint [**Doc. #1**] is **DISMISSED with prejudice** pursuant to 28 U.S.C. section 1915(e)(2)(B)(ii). The Clerk is ordered to unseal this case.

---

[1] The Court is directed by 28 U.S.C. §1915 to review every complaint filed in forma pauperis to determine whether it falls within any of the mandatory dismissal provisions of §1915(e). See, e.g., Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

1

**I.  Background**

Plaintiff Jack Richard Klein ("plaintiff") brings a three-page complaint with several attachments against defendants: US Bank, National Association; Wells Fargo Home Mortgage; Bank of America Funding Company; Americas Servicing Company; Joseph Nardini; and Newman Hess III.[2] [Doc. #1]. The complaint is captioned as an "Original Bill to Enforce a Private Express Trust" and claims jurisdiction by virtue of "Exclusive Equity by authority of Inherent Equity jurisdiction Proceeding governed by Maxims of Equity and §1-64 Gibson 'Suits in Chancery' 1907." Id. at 2 (sic). The complaint sets forth five paragraphs, which are largely incoherent, but appear to relate to the ownership or possession of real property to which plaintiff apparently believes he is entitled.

**II.  Motions for Leave to Proceed In Forma Pauperis**

Plaintiff has filed two motions seeking to proceed in forma pauperis. [Doc. ##2, 10]. The initial motion includes a sworn declaration by plaintiff that he is unable to afford to pay fees and costs, but it includes no information regarding his income and assets, or lack thereof. Although plaintiff states in the

---

[2] The Complaint also names "Jack Richard Klein, etcetera al, an alleged state agency of the state of Connecticut" as a defendant. It is not clear what Mr. Klein seeks to achieve by naming himself or a variant of himself as a defendant. In evaluating whether the Complaint states a claim, the Court will focus on the other named defendants.

2

affidavit that he owns real property, he fails to include any information with respect to the property's estimated value or any other related information. [Doc. #2 at 3-4] This violates the statutory requirement that the plaintiff provide "a statement of all assets" he possesses. 28 U.S.C. §1915(a)(1). Plaintiff has failed to provide adequate information to establish that he "is unable to pay" the ordinary filing fees required by the Court. 28 U.S.C. §1915(a)(1); see also Decristofaro v. United States, 74 Fed. Cl. 717, 719 (2006) ("[P]ursuant to 28 U.S.C. §1915(a)(1), in order to qualify for in forma pauperis status, an applicant must file an affidavit which includes a statement of assets, a statement that the applicant is unable to pay such fees or provide security, the nature of the action, defense or appeal, and that the affiant believes that he or she is entitled to redress."). Plaintiff's second in forma pauperis motion [Doc. #10] is similarly deficient, and in fact, provides no sworn declaration. Accordingly, the Court **DENIES** the motions to proceed in forma pauperis [**Docs. #2, #10**] as facially deficient under 28 U.S.C. §1915(a)(1).

**III. Motion to Seal**

Plaintiff also seeks to seal this case from public access. [Doc. #3]. Plaintiff's motion "petition[s] this honorable court to show cause why [his] private rights and interests should

3

comingle with right of the public, enemies, belligerents and rebels[.]" Id. at 1 (sic).

> The common-law right of access to judicial proceedings and documents creates a presumption in favor of public access to, and against sealing of, judicial documents. United States v. Amodeo, 71 F.3d 1044, 1047 (2d Cir. 1995) ("Amodeo II"). A court must undertake a three-part inquiry to determine whether there is a common-law right of access to a document submitted to the court. First, a court must determine whether the document is a "judicial document," such that a presumption of access attaches. Second, if the document is indeed a "judicial document," the court must determine the weight to be accorded the presumption of access. Finally, after determining the weight of the presumption of access, the court must balance any countervailing factors against the presumption. Id. at 1050–51.

United States v. Sattar, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006). As a threshold matter, the documents filed to date in this case, and the docket sheet itself, are, generally speaking, "judicial documents" to which the presumption of public access applies. The Second Circuit has previously held that there is a "qualified First Amendment right of access to docket sheets." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 93 (2d Cir. 2004). "In the case of docket sheets, openness enhances both basic fairness and the appearance of fairness so essential to public confidence in the system." Id. at 95 (internal quotation marks and citation omitted). The complaint, motions filed by the plaintiff, and court orders entered to date are "relevant to the performance of the judicial function and useful in the judicial

4

process[.]" United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I").

Thus, the Court must weigh the presumption of access against any countervailing concerns. Here, plaintiff has articulated a generic privacy concern.

> In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.

Amodeo II, 71 F.3d at 1051. "[W]here [court] documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006) (quoting Amodeo II, 71 F.3d at 1049). Plaintiff's general privacy concern does not outweigh the presumption of access. Here, plaintiff has failed to articulate any specific privacy concerns, and the documents filed to date do not implicate private financial records, family affairs, illnesses, embarrassing conduct, or safety concerns that might otherwise weigh against the presumption of access. See, e.g., Crossman v. Astrue, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("[T]here can be (and often are) considerations of personal privacy, public safety, or a business's proprietary information, such as trade secrets or confidential research,

5

that can trump the right of the public to access court records."). Simply stating that plaintiff's private rights and interests should not comingle with those of the public is not enough to outweigh the presumption of access under the prevailing law of this Circuit, or this District's local rules. See In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) ("In most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." (citation omitted)); D. Conn. L. Civ. R. 5(e)(3)(The court may seal a judicial document only by an order which "shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."). Accordingly, plaintiff's motion to seal [**Doc. #3**] is **DENIED**.

**IV. Initial Review of Complaint**

   A. **Standard of Review**

Consideration of whether an in forma pauperis plaintiff should be permitted to proceed under 28 U.S.C. §1915 is a two-step process. The court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. 28 U.S.C. §1915(a). Second, section 1915 requires the court to conduct an initial screening of the complaint to ensure that the case meets certain requirements and requires that "the court shall dismiss the case at any time if

the court determines," inter alia, that the case "is frivolous" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(i),(ii).

The court construes pro se complaints liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The court exercises caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

**B. Analysis**

Upon initial review of the complaint, the Court finds that it fails to state a claim upon which relief may be granted, and that amendment would be futile.

> To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In determining whether a complaint states a claim upon

7

>which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Trammell v. Delaware, No. 5:13CV771(DNH)(TWD), 2014 WL 1119634, at *2 (N.D.N.Y. Mar. 20, 2014), appeal dismissed, No. 14-1371 (2d Cir. July 10, 2014).

Plaintiff's complaint is largely incomprehensible and contains no facts suggesting that plaintiff is entitled to relief and/or that the defendants engaged in any misconduct. Rather, the complaint is comprised of conclusory allegations and purported "maxims" of law and equity. The complaint fails to state what unlawful or tortious acts each defendant allegedly performed; what injury the plaintiff suffered; when the alleged acts and harm occurred; and what federal or state law the plaintiff seeks to invoke to bring his claims. The complaint makes reference to a trust, but offers no information about such a trust or the plaintiff's connection to it. Furthermore, the complaint lacks any allegations which would permit the Court to assert personal or subject matter jurisdiction over plaintiff's claims. Indeed, the complaint includes an affirmation that the

plaintiff resides in a location "not subject to the jurisdiction of the" United States. [Doc. #1 at 4].

It is true that "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" Gomez, 171 F.3d at 795. However, the Court need not provide plaintiff with an opportunity to amend where "[t]he problem with [the plaintiff's] causes of action is substantive [and thus] better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Here, plaintiff's claims face a substantive problem; namely, that the Court appears to lack subject matter jurisdiction over the claims asserted.

> A federal court exercises limited jurisdiction pursuant to Article III of the Constitution. It may exert subject matter jurisdiction over claims in which: (1) there is a "federal question" in that a colorable claim arises under the "Constitution, laws or treaties of the United States," 28 U.S.C. §1331; and/or if (2) there is complete "diversity of citizenship" between each plaintiff and all defendants and a minimum of $75,000 in controversy, 28 U.S.C. §1332. See, e.g., Da Silva v. Kinsho Int['l] Corp., 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction). Absent jurisdiction under one of these two prongs, a case must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 511 (D. Conn. 2015), appeal docketed, No. 15-756 (2d Cir. Mar. 12, 2015) (footnote omitted).

Even a very liberal reading of the complaint finds no invocation by the plaintiff of any federal statutory or constitutional claim. Indeed, this Court's generous review of the complaint in conjunction with the other filings to date suggests that the plaintiff seeks to reverse a state foreclosure judgment, something which this Court cannot entertain. Accord Gonzalez, 74 F. Supp. 3d at 514 ("In the particular context of state court judgments of foreclosure, 'Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine.'" (compiling cases) (citation omitted)).

Absent a federal question, the Court next turns to whether there is diversity of citizenship under 28 U.S.C. §1332(a)(1). Here, plaintiff has failed to allege sufficient grounds for invoking jurisdiction under 28 U.S.C. §1332(a)(1). Plaintiff, apparently a resident of Connecticut,[3] admits to not knowing the residence or locations of the various defendants. [Doc. #1 at

---

[3] Plaintiff signs his pleadings: "Private American Citizen of The United States of America privately residing/domiciling within a non-military occupied private estate outside a 'Federal District' and not subject to the jurisdiction of the 'United States[.]'" (sic) [Doc. #1 at 3]. However, his initial motion for leave to proceed in forma pauperis, lists a residence in Southbury, Connecticut. [Doc. #2 at 3].

2]. In order for diversity of citizenship to exist between parties, there must be "complete diversity;" that is, "all plaintiffs must be citizens of states diverse from those of all defendants." Gonzalez, 74 F. Supp. 3d at 511-12 (citation and internal quotation marks omitted). Plaintiff has failed to make such a showing. Additionally, plaintiff does not allege that the amount in controversy meets or exceeds the jurisdictional minimum of $75,000. Indeed, to the contrary, plaintiff states that he does not seek monetary damages. [Doc. #1-6].

Accordingly, the Court finds that the plaintiff is unable to properly establish federal question or diversity of citizenship jurisdiction. Heeding the mandate to proceed with caution and leniency when considering whether to dismiss a case under section 1915(e), the complaint is nonetheless dismissed with prejudice as it fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915(e)(2)(B)(ii).

**V.   Motion for In Camera Hearing**

Plaintiff further seeks an in camera hearing for "review determination." [Doc. #9] In light of the Court's conclusion that 28 U.S.C. §1915 mandates both denial of the motions to proceed in forma pauperis and dismissal of the complaint, the Court **DENIES as moot** plaintiff's motion for in camera hearing [**Doc. #9**]. See D. Conn. L. Civ. R. 7(a)(1) ("Notwithstanding

that a request for oral argument has been made, the Judge may, in his or her discretion, deny such request.").

## VI. Conclusion

For the reasons stated, plaintiff's motions for leave to proceed in forma pauperis [**Doc. ##2, 10**] are denied. The motion to seal [**Doc. #10**] is **DENIED**. The Complaint [**Doc. #1**] is **DISMISSED with prejudice** pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). The motion for in camera hearing [**Doc. #9**] is **DENIED** as moot. **The Clerk is ordered to unseal this case.**

This is a recommended ruling.  See Fed. R. Civ. P. 72(b)(1). **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order.** See Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen (14) days may preclude appellate review. See 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut this 3rd day of September 2015.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE